```
┌─────────────────────────────────────────┐
│ USDC SDNY          Form as of May 1, 2018 │
│ DOCUMENT                                   │
│ ELECTRONICALLY FILED                       │
│ DOC #:_____                      │
│ DATE FILED  7-24-18                         │
└─────────────────────────────────────────┘
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

STEVEN NACHSHEN

                          Plaintiff(s),

    -against-

230 W 48 REALTY, LLC, et al.,

                          Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

18 CIV. NO. 3452

**[Proposed] Civil Case Management Plan and Scheduling Order**

The parties submit this [Proposed] Civil Case Management Plan and Order pursuant to Federal Rule of Civil Procedure 26(f):

1. **Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on  July 17, 2018 .

2. **Alternative Dispute Resolution / Settlement:**

   a. Settlement discussions have ☒ / have not ☐ taken place.

   b. The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

   Defendants' expert's ADA Report

   c. The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator. The parties propose the following alternative dispute mechanism for this case:

   Participation in the District's Mediation Program.

1

**d.**    The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.):

After the parties submit a request for a referral to the District's Mediation Program.

**e.**    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

**3.     The Parties' Summary of Their Claims, Defenses, and Relevant Issues:**

Plaintiff(s):   The wheelchair user Plaintiff claims that the defendants own, operate, and maintain a public accommodation that violates, among other things,  Title III of the ADA, 42 U.S.C. §§ 12181 et seq. and its implementing regulations (including  the Standards for Accessible Design – Appendix A to 28 C.F.R. Part 36),  NYS Executive Law § 296, NYS Civil Rights Law § 40, and the Admin. Code of NYC § 8-107.   Plaintiff seeks monetary, and injunctive relief to compel the defendants to, among other things, makes their premises readily accessible and usable to the disabled plaintiff.

Defendant(s):

As set forth more fully in the Answer, Defendants believe numerous allegations do not violate federal or state disability laws and/or are not readily achievable and/or would cause an undue burden under applicable law.  Defendants' have retained an ADA expert to prepare a report which addresses the allegations in the Complaint.

**4.     The Parties' Asserted Basis of Subject Matter Jurisdiction:**

Plaintiff asserts that this Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over plaintiff's related claims arising under NYS and City laws pursuant to 28 U.S.C. § 1367(a). Plaintiff asserts that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' place of public accommodation that is the subject of this action is located in this district.

**5.     Subjects on Which Discovery May Be Needed:**

Plaintiff(s):

Plaintiff will require discovery from the defendants for any design, construction, or alteration to the public accommodation as well as documents relating to their finances and affirmative defenses.

<u>Defendant(s)</u>:

Defendants will require discovery on the nature of Plaintiff's disability and his standing to bring certain claims set forth in the Complaint.

**6.     Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than August 7, 2018 .

**7.     Amended Pleadings:**

    **a.**     No additional parties may be joined after October 25, 2018 , without consent or leave of Court.

    **b.**     No amended pleadings may be filed after October 25, 2018 , without consent or leave of Court.

**8.     Fact Discovery:**

  **a.**     All fact discovery shall be completed by November 26, 2018 .

    **b.**     Initial requests for production were/will be served by August 23, 2018 . Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

    **c.**     Initial interrogatories shall be served by August 23, 2018 . Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

    **d.**     Depositions shall be completed by November 5, 2018 .

    **e.**     Requests to admit shall be served by October 29, 2018 .

    **f.**     The parties propose the following limits on discovery:

    **g.**     Except as otherwise modified in 8(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to

the Court, provided that the parties meet the deadline for completing fact discovery.

h.    The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:

9.    **Expert Discovery (if applicable):**

a.    The parties do ☒ / do not ☐ anticipate using testifying experts.

b.    Anticipated areas of expertise:

ADA accessibility compliance, construction and finance

c.    Expert discovery shall be completed by February 25, 2019 .

d.    By Nov. 12, 2018 , the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

e.    The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:

10.    **Electronic Discovery and Preservation of Documents and Information:**

(If appropriate for the case, use the Court's Joint Electronic Discovery Submission and Proposed Order available at: http://nysd.uscourts.gov/judge/Lehrburger.

a.    The parties have ☐ / have not ☒ discussed electronic discovery.

b.    If applicable, the parties shall have a protocol for electronic discovery in place by _____.

    **c.**    The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery:

**11.**    **Anticipated Motions** (other than summary judgment, if any):

**12.**    **Summary Judgment Motions:**  No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

    If pre-motion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge.  If no pre-motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

    Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

**13.**    **Pretrial Submissions:** The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

**14.**    **Trial:**

    **a.**    All parties do ☐ / do not ☒ consent to a trial before a Magistrate Judge at this time.

    **b.**    The case is ☒ / is not ☐ to be tried to a jury.

c.     The parties anticipate that the trial of this case will require __2 to 4__ days.

15.   **Other Matters the Parties Wish to Address (if any):**

16.   The Court will fill in the following:

☐   A status ~~conference will be held before the undersigned on~~ Report Every ~~45 days.~~
at _____.m. in Courtroom 18D, 500 Pearl Street.

☑   The parties shall submit a joint status letter every __45__ days and shall also inform the Court at the time the parties believe a settlement conference would be fruitful.

Dated: ___7/24/18___

SO ORDERED.

_____
ROBERT W. LEHRBURGER
United States Magistrate Judge

PLAINTIFF(S):

Robert G. Hanski, Esq.
ATTORNEY NAME(s):

DEFENDANT(S):

John Ho, Esq.
ATTORNEY NAME(s)

Parker Hanski LLC                                    Cozen O'Connor
_____        _____

40 Worth Street, 10th Floor                       277 Park Avenue
New York, NY  10013                                New York, NY 10172
_____        _____
ADDRESS                                                    ADDRESS


TEL: 212.248.7400                               TEL: 212-883-4927
_____        _____

EMAIL: rgh@parkerhanski.com            EMAIL: JHo@cozen.com
_____        _____

7